PER CURIAM.
Aurand, the trustee of a trust that holds income producing properties, appeals a temporary injunction appointing Iris June *1279 Slippy, the nominated successor, as interim trustee until further order of court, and enjoining Aurand from managing, interfering or having any other business dealings in connection with the income producing properties that are the assets of the trust.
Clara Matilda Godfrey, the settlor of the trust, was the natural mother of Aurand. Aurand’s father, Ewart Clyde Godfrey, the plaintiff below, is the income beneficiary of the trust.
The Motion for Removal chronicles that Aurand failed to take over the active management and supervision (characterized by the probate judge as abandonment) of the income producing properties, that those matters were always handled by Godfrey directly, and that, after this litigation commenced, she, through attorneys, was threatening the tenants by giving them notice of eviction.
The claim here is that Aurand was denied procedural due process before and during her removal. She claims that she was given only 3 days notice of the injunction hearing set by the probate judge and that during that interim there were side steps and deceit in preventing her from taking Godfrey’s deposition. However, when the motion for the temporary injunction was called up, there was no motion presented for either a continuance or challenging sufficiency of the pleadings. When Aurand’s counsel objected to evidence offered by Godfrey outside that annexed to the motion in his affidavit the trial court sustained the objection and no testimony of Godfrey was admitted. The emergency motion for injunction was not filed until Aurand’s attorneys sent eviction letters to tenants of the rented property. The trial judge wisely considered the situation and realized that Aurand never assumed formal responsibility as trustee, that she was not injured by her inability to take Godfrey’s deposition and that, by entering the injunction, no substantive rights of the parties had been settled in any manner. We agree because we believe the motion and the affidavits attached would have been the basis for an ex parte injunction. We therefore find that the able probate judge acted entirely within his discretion in proceeding without Godfrey’s deposition having been taken.
Affirmed.